**FILED**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

DEC 0 6 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN RE: PRADAXA (DABIGATRAN ETEXILATE)
PRODUCTS LIABILITY LITIGATION

Thelma Butner, et al. v. Boehringer Ingelheim Pharmaceuticals,       )
      Inc., et al., N.D. California, C.A. No. 3:12-03715       )       MDL No. 2385

*12-60092-DRH-SCW*

TRANSFER ORDER

**Before the Panel:**[*]   Pursuant to Panel Rule 7.1, plaintiff in a Northern District of California action moves to vacate our order that conditionally transferred her action to MDL No. 2385. Defendant Boehringer Ingelheim Pharmaceuticals, Inc., opposes the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2385, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking the drug Pradaxa (dabigatran etexilate), that defendants did not adequately warn prescribing physicians of the risks associated with Pradaxa, including the potential for severe or fatal bleeding, and that there is no reversal agent to counteract Pradaxa's anticoagulation effects.  This action involves virtually identical allegations that plaintiff suffered severe bleeding as a result of ingesting Pradaxa and thus falls squarely within the subject matter of the MDL.

Plaintiff bases her argument against transfer on the pendency of a motion to remand her action to state court, suggesting that the transferor court should first decide the motion.  We have repeatedly held, however, that a motion for remand alone is generally an insufficient basis to vacate a conditional transfer order.[1]  Plaintiff can present her motion for remand to the transferee judge.  *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.  Here, Judge Thelton E. Henderson specifically declined to rule on plaintiff's remand motion prior to centralization.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for inclusion in the coordinated or consolidated pretrial proceedings.

SOUTHERN DISTRICT OF ILLINOIS
CERTIFIED TRUE COPY
By _____
        Deputy Clerk
Date __December 6, 2012__

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.        Paul J. Barbadoro
Marjorie O. Rendell           Charles R. Breyer
Lewis A. Kaplan